## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| HIGHLAND EMPLOYEE RETENTION ASSETS LLC | § § § | |
| Plaintiff, | § § § | |
| v. | § § § | Civil Action No. 3:24-cv-00498-K |
| | § § | |
| JAMES DONDERO, MARK OKADA, MARK KATZ, MICHAEL HURST, SHONN BROWN, SCOTT ELLINGTON, ISAAC LEVENTON, ERIC GIRARD, JOHN HONIS, TED DAMERIS, RAYMOND JOSEPH DOUGHERTY, AMIT WALIA, PATRICK BOYCE, LANE BRITAIN, FRANK WATERHOUSE, BRIAN COLLINS, HUNTON ANDREWS KURTH LLP, ABRAMS & BAYLISS LLP, DLA PIPER LLP, NANCY DONDERO, AS TRUSTEE OF DUGABOY INVESTMENT TRUST; GRANT JAMES SCOTT III, AS TRUSTEE OF GET GOOD TRUST; JOHN HONIS, AS TRUSTEE OF HUNTER MOUNTAIN INVESTMENT TRUST; LAWRENCE TONOMURA AS TRUSTEE OF MARK & PAMELA OKADA FAMILY TRUST – EXEMPT TRUST #1; LAWRENCE TONOMURA AS TRUSTEE OF MARK & PAMELA OKADA FAMILY TRUST – EXEMPT TRUST #2 Defendants. | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § | |

## JOINT REPLY OF THE TRUSTEE DEFENDANTS IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

CORE/3522697.0005/197688521.11

TABLE OF CONTENTS

Page

I.   INTRODUCTION ..................................................................................................... 1

II.  ARGUMENT ........................................................................................................... 2

     A.   The Court Cannot Take Judicial Notice of the Contents of the Primary
          Exhibit Plaintiff Relies upon .................................................................... 2

     B.   Plaintiff Concedes that General Jurisdiction does not Exist over the Trustee
          Defendants ................................................................................................. 4

     C.   Specific Jurisdiction does not Exist over the Trustee Defendants ......................... 4

          1.   Plaintiff Misconstrues the Standard for Minimum Contacts .......... 5

          2.   Many of the Exhibits on which Plaintiff Relies to Establish
               Minimum Contacts Do not Say What Plaintiff Says They Do ....... 7

          3.   Plaintiff Fails to Demonstrate a Nexus Between any of the
               Trustee Defendants' Supposed Contacts with Texas and
               Plaintiff's Claims ........................................................................... 9

     D.   The Exercise of Personal Jurisdiction Over the Trustee Defendants Would
          not be Consistent with Traditional Notions of Fair Play and Substantial
          Justice ........................................................................................................ 12

     E.   Plaintiff Is not Entitled to Jurisdictional Discovery ............................................ 12

III. CONCLUSION ........................................................................................................ 13

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*AIX Energy, Inc. v. Averett*,
3:13-CV-01451-N, 2013 WL 12363629 (N.D. Tex. Nov. 25, 2013) .......................................4

*Asahi Metal Indus. Co. v. Superior Ct. of California, Solano Cnty.*,
480 U.S. 102 (1987)...........................................................................................................11

*Bar Grp., LLC v. Bus. Intel. Advisors, Inc.*,
215 F. Supp. 3d 524 (S.D. Tex. 2017) ....................................................................................12

*Bell Helicopter Textron Inc. v. Am. Eurocopter, LLC*,
729 F. Supp. 2d 789 (N.D. Tex. 2010) ...................................................................................12

*Bristol-Myers Squibb Co. v. Superior Ct. of California, San Francisco Cnty.*,
582 U.S. 255 (2017).............................................................................................................4

*Davila v. United States*,
713 F.3d 248 (5th Cir. 2013) ................................................................................................12

*Hanson v. Denckla*,
357 U.S. 235 (1958)...........................................................................................................5, 6

*Helicopteros Nacionales de Colombia, S.A. v. Hall*,
466 U.S. 408 (1984).............................................................................................................3

*In re James*,
300 B.R. 890 (Bankr. W.D. Tex. 2003)..................................................................................3

*Johnson v. TheHuffingtonPost.com, Inc.*,
21 F.4th 314 (5th Cir. 2021) ...........................................................................................9, 12

*Johnston v. Multidata Sys. Int'l Corp.*,
523 F.3d 602 (5th Cir. 2008) ................................................................................................3

*Kirscher et al. v. Dondero et al.*,
Adv. Pro. No. 21-03076-sgj..................................................................................................2

*Kostuch v. Southtrust Bank of Alabama, N.A.*,
665 F. Supp. 474 (M.D. La. 1987), *aff'd sub nom. Kostuch v. Southtrust
Bank/Alabama*, 842 F.2d 328 (5th Cir. 1988)...........................................................................4

*McFadin v. Gerber*,
587 F.3d 753 (5th Cir. 2009) ...........................................................................................4, 7

CORE/3522697.0005/197688521.11

*Pace v. Cirrus Design Corp.*,
  93 F.4th 879 (5th Cir. 2024) ................................................................................................4

*SB Int'l, Inc. v. Jindal*,
  No. CIV A 306-CV-1174-G, 2007 WL 1411042 (N.D. Tex. May 14, 2007) ..........................3

*Schroeder v. Valdez*,
  941 S.W.2d 312 (Tex. App. 1997)..........................................................................................4

*SGIC Strategic Global Inv. Capital, Inc. v. Burger King Europe Gmbh*,
  Case, 3:14-CV-3300-B, 2015 WL 4162599 (N.D. Tex. July 9, 2015)....................................12

*Taylor v. Charter Med. Corp.*,
  162 F.3d 827 (5th Cir. 1998) ..........................................................................................2, 10

**Other Authorities**

Fed. R. Civ. P. 12(b)(2)...................................................................................................1, 13

Fed. R. Evid. 201 ...............................................................................................................2

iii

## I.    INTRODUCTION

The Trustee Defendants, Nancy Dondero as Trustee of The Dugaboy Investment Trust (the "Dugaboy"), Grant James Scott as Trustee of the Get Good Trust (the "Get Good Trust"), John Honis as Trustee of the Hunter Mountain Investment Trust (the "Hunter Mountain Trust"), Lawrence Tonomura as Trustee of the Mark & Pamela Okada Family Trust – Exempt Trust #1 and Mark & Pamela Okada Family Trust Exempt Trust #2 (the "Okada Family Trusts") (collectively, the "Trustee Defendants"), moved to dismiss Plaintiff's First Amended Complaint ("FAC" or "Complaint") pursuant to Rule 12(b)(2) because the Complaint contains no allegations that could support the exercise of general or specific jurisdiction over any of the Trustee Defendants.

As demonstrated in the Trustee Defendants' Motion to Dismiss, Plaintiff's allegations *vis-à-vis* the Trustee Defendants are minimal and do not support the exercise of jurisdiction over the Trustee Defendants.  Plaintiff attempts to remedy the deficiencies in its Complaint by annexing over 1,300 pages to its Response, contending that they establish jurisdiction.  However, nearly all of the key "facts" on which it relies in those pages are not facts at all.  They are ***allegations*** in a different complaint filed by a party adverse to the Trustee Defendants in a different case that has been stayed for years.  Nothing in Plaintiff's response remedies the complete failure of the Complaint to adequately allege facts demonstrating that this Court has personal jurisdiction over the Trustee Defendants.  The Trustee Defendants' Motion should be granted.

## II.   ARGUMENT

### A.   The Court Cannot Take Judicial Notice of the Contents of the Primary Exhibit Plaintiff Relies upon

Plaintiff's Response relies most heavily on Exhibit 82, which is an Amended Complaint filed in the United States Bankruptcy Court for the Northern District of Texas, Adv. Pro. No. 21-03076-sgj, by the Litigation Trustee of the Litigation Sub-Trust established pursuant to the Fifth Amended Plan of Reorganization of Highland Capital Management, L.P.  Indeed, Plaintiff cites to Exhibit 82 twenty times in its fifteen-page Response.  Moreover, Plaintiff relies on Exhibit 82 as the source of the "facts" most important for Plaintiff's Response, *i.e.*, the facts purportedly establishing a nexus between Plaintiff's claims and the Trustee Defendants' supposed contacts with Texas.  *See infra* § II.C.3.

Exhibit 82 is a complaint filed, not by any Defendant in this case, but by a party *adverse* to most of the Defendants in this case, including the Trustee Defendants.  Moreover, it is a complaint that has not progressed in the slightest.  This Court can take judicial notice that the case reflected in Exhibit 82 has been stayed since August 16, 2023.  *See Kirscher et al. v. Dondero et al.*, Adv. Pro. No. 21-03076-sgj, at ECF 344.  But there is no law that would allow the Court to treat the allegations of that exhibit as true.

Although Plaintiff does not bother to articulate a basis for the Court to consider Exhibit 82, Plaintiff presumably expects the Court to take judicial notice of the document.  But judicial notice has its limits.  It is well established that courts cannot take judicial notice of the facts contained in litigation filings because those facts are disputed.  *Taylor v. Charter Med. Corp.*, 162 F.3d 827, 830 (5th Cir. 1998).  Federal Rule of Evidence 201 allows a court to "take judicial notice of an 'adjudicative fact' if the fact is '*not subject to reasonable dispute* in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready

2

determination by resort to resources whose accuracy cannot be questioned." *Taylor*, 162 F.3d at 829 (quoting Fed. R. Evid. 201).  Thus, a court may take judicial notice of "a document filed in another court . . . to establish the fact of such litigation and related filings," but it *cannot* take notice of the findings of fact from other proceedings because those facts are usually disputed and almost always disputable.  *Id.* at 830.

"Courts realize that there is a very crucial distinction between taking judicial notice of the fact that an entity has filed a document in the case, or in a related case, on a given date, *i.e.*, the *existence* thereof, and the taking of judicial notice of the truth or falsity [of the] *contents* of any such document for the purpose of making a finding of fact."  *In re James*, 300 B.R. 890, 896-97 (Bankr. W.D. Tex. 2003) (emphasis in original) (internal quotations omitted); *see also SB Int'l, Inc. v. Jindal*, No. CIV A 306-CV-1174-G, 2007 WL 1411042, *2 (N.D. Tex. May 14, 2007) (stating that it is "within the court's power" to "take judicial notice of the fact that [filings in other cases] exist and were filed in the courts shown on the first page of each document," but that "any 'facts' contained in the petitions, counterclaims, and motion are subject to reasonable dispute and, therefore, not appropriate for judicial notice") (citations omitted).

Thus, Plaintiff's reliance on the substantive factual allegations in Exhibit 82 is improper. The Court certainly can take judicial notice that Exhibit 82 is an Amended Complaint filed in the United States Bankruptcy Court for the Northern District of Texas by a Litigation Trustee—but that is all.  The Court cannot take judicial notice of the allegations within Exhibit 82 and treat them as fact.[1]

---

[1] The same is true for the portion of Exhibit 113 that Plaintiff relies on, which is testimony from David Klos at the trial in the Court of Chancery of the State of Delaware.  *See In re James*, 300 B.R. 890, 895 (Bankr. W.D. Tex. 2003) ("[T]here is a significant difference between Manix's request for this Court to take judicial notice of the existence of the fact that James testified in the

CORE/3522697.0005/197688521.11

### B.    Plaintiff Concedes that General Jurisdiction does not Exist over the Trustee Defendants

In their Motion, the Trustee Defendants demonstrated that general jurisdiction cannot exist because there are no substantial, continuous, and systematic contacts between the Trustee Defendants and Texas.  Motion (ECF 109) at 6-7; *see also Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008) (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-19 (1984)).  Plaintiff makes no argument to the contrary and therefore concedes that general jurisdiction does not exist over the Trustee Defendants.  *See Green v. Innovis Data Sols., Inc.*, No. 3:20-CV-01614-L, 2021 WL 4244779, at *5 n.4 (N.D. Tex. Sept. 17, 2021) (dismissing claim at pleading stage in part because plaintiff failed to address defendant's argument); *see also Kellam v. Servs.*, No. 3:12-CV-352-P, 2013 WL 12093753, at *3 (N.D. Tex. May 31, 2013), *aff'd sub nom. Kellam v. Metrocare Servs.*, 560 F. App'x 360 (5th Cir. 2014) ("Generally, the failure to respond to arguments constitutes abandonment or waiver of the issue.").

### C.    Specific Jurisdiction does not Exist over the Trustee Defendants

Nor does specific jurisdiction exist over the Trustee Defendants.  To establish specific jurisdiction, a plaintiff must plead: "(1) the defendant has minimum contacts with the forum state, *i.e.*, [] it purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there; (2) [] the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) [] the exercise of personal jurisdiction is fair and reasonable."  *McFadin v. Gerber*, 587 F.3d 753, 759 (5th Cir. 2009) (citation omitted). Specific jurisdiction requires a "*strong* relationship among the defendant, the forum, and the litigation."  *Pace v. Cirrus Design Corp.*, 93 F.4th 879, 902 (5th Cir. 2024) (emphasis added).

Pure case, in his capacity as President, and a request for this Court to receive such prior testimony into evidence in this proceeding.").

4

"When there is no such connection, specific jurisdiction is lacking *regardless of the extent of a defendant's unconnected activities in the State*."  *Bristol-Myers Squibb Co. v. Superior Ct. of California, San Francisco Cnty.*, 582 U.S. 255, 264 (2017) (emphasis added).

### 1.    Plaintiff Misconstrues the Standard for Minimum Contacts

Courts treat nonresident trustees the same as other nonresident defendants when determining whether to exercise personal jurisdiction, with the caveat that the courts take only the nonresident trustee's actions in his capacity as trustee into account.  *Schroeder v. Valdez*, 941 S.W.2d 312, 313 (Tex. App. 1997) (discussing standard for applying personal jurisdiction to nonresident trustee); *accord AIX Energy, Inc. v. Averett*, 3:13-CV-01451-N, 2013 WL 12363629, at \*2 (N.D. Tex. Nov. 25, 2013); *see also Kostuch v. Southtrust Bank of Alabama, N.A.*, 665 F. Supp. 474, 476-77 (M.D. La. 1987), *aff'd sub nom. Kostuch v. Southtrust Bank/Alabama*, 842 F.2d 328 (5th Cir. 1988) (Even if the trusts at issue "had contacts" with the forum state, that "does not mean" the trustee "also had those contacts.").

Plaintiff fails to properly apply this standard, and instead both misapprehends *Hanson v. Denckla*, 357 U.S. 235 (1958), and creates from whole cloth a test that Plaintiff refers to as "Trustee Jurisdictional Factors"—a term that does not appear in any of the cases Plaintiff cites, and indeed, does not appear in any case or secondary source in United States history available on either Westlaw or Lexis.  Relying on *Hanson*, Plaintiff argues that "a non-resident trustee can establish minimum contacts sufficient for specific jurisdiction with a forum state through his actions directed at the forum state taken as trustee or due to the nature and character of the trust itself which is sufficiently associated with the forum state."  Response (ECF 132) at 142.

*Hanson* does not support Plaintiff.  In *Hanson*, the Supreme Court held that the Florida court *lacked* jurisdiction over the defendant trust because the plaintiff's claims did not arise from "the acts of the trustee" in the forum.  357 U.S. at 251-54.  The Court concluded that "[t]he cause

5

of action in this case is not one that arises out of an act done or transaction consummated in the forum State." *Id.* at 251. Specifically, the Court noted that "[t]he first relationship Florida had to the [contract at issue] was years [after the contract was executed] when the settlor became domiciled there, and the trustee remitted the trust income to her in that State." *Id.* at 252. The Court in *Hanson* rejected an argument much like the one Plaintiff makes now: "It is urged that because the settlor and most of the appointees and beneficiaries were domiciled in Florida the courts of that State should be able to exercise personal jurisdiction over the nonresident trustees. *This is a nonsequitur.*" *Id.* at 254 (emphasis added). It is a non sequitur because a court "does not acquire [] jurisdiction by being the 'center of gravity' of the controversy, or the most convenient location for litigation." *Id.* Instead, "[t]he issue is personal jurisdiction . . . [i]t is resolved in this case by considering the acts of the trustee." *Id.*[2]

Plaintiff also misapprehends *Mullins v. TestAmerica, Inc.* to argue that the "receipt of illicit funds" is a "positive-factor" supporting personal jurisdiction. However, in *Mullins* the Fifth Circuit stated that "[w]e are skeptical of [plaintiff]'s suggestion that a non-resident defendant's receipt of assets transferred with an intent to hinder, delay, or defraud a creditor *ipso facto* establishes personal jurisdiction . . . [k]nowingly accepting a fraudulent transfer may subject a transferee to liability, but such conduct is not necessarily tantamount to committing a wrongful act purposefully." 564 F.3d 386, 400-01 (5th Cir. 2009). "We are thus doubtful that personal jurisdiction exists over the recipient of a fraudulent transfer anywhere a complaining creditor files

---

[2] Plaintiff suggests that because two of the Trusts at issue—the Okada Family Trusts—were created under Texas law, there is a basis to exercise specific jurisdiction over each of the Trustee Defendants. Response at 147. That is incorrect. At most, this fact suggests that the Okada Family Trusts themselves have a connection to Texas; it says nothing about the contacts of Mr. Tonomura, the trustee of the Okada Family Trusts, which is the relevant question. Moreover, that the Okada Family Trusts were created in Texas has no bearing on whether any of the other Trustee Defendants have contacts with Texas.

6

CORE/3522697.0005/197688521.11

suit simply by virtue of the creditor's residence in that forum." *Id.* at 401.  Personal jurisdiction existed in *Mullins* because the defendant "precipitat[ed] and direct[ed] an alleged fraudulent transfer at the expense of a known, major creditor in Texas whose right to payment [arose] out of contracts that share[d] a strong connection with Texas." *Id.* at 402.  Here, by contrast, Plaintiff's Complaint does not allege that the Trustee Defendants participated in or were even aware of any of the transactions underlying Plaintiff's claims.  *See* FAC at ¶¶ 57, 66, 68, 75, 78, 81, 101-113. Additionally, Plaintiff's attempt to supplement its Complaint with the allegations in Exhibit 82 is inappropriate, as discussed in Section II.A.

Moreover, none of the cases Plaintiff cites as the basis for its imagined "Trustee Jurisdictional Factors" supports the application of the non-standard jurisdiction test Plaintiff advocates.  Instead, Plaintiff's cited cases apply the same standard the Trustee Defendants articulated in their Motion—the one applied in *Hanson.  See supra* at 4 (reciting standard).

2. *Many of the Exhibits on which Plaintiff Relies to Establish Minimum Contacts Do not Say What Plaintiff Says They Do*

Plaintiff's argument as to the supposed contacts between the Trustee Defendants and Texas lacks virtually any citations to the Complaint, which is a telling sign that Plaintiff's Complaint is deficient.  Instead, Plaintiff relies almost entirely on exhibits that are not a part of Plaintiff's Complaint. Moreover, many of the exhibits Plaintiff uses in an attempt to show contacts between the Trustee Defendants and Texas do not support the propositions for which Plaintiff cites them:

| What Plaintiff argues | What the Exhibits show |
|---|---|
| All the trusts list their principal place of business in Dallas, Texas and operate out of Dallas, Texas.  Response (ECF 132) at 145. | The exhibits identify that the trusts kept a mailing address in Texas. Exhs. 79, 80, 84, 101.  But contrary to Plaintiff's representation, the exhibits say nothing about the trusts' principal places of business. Exh. 83 expressly states that Get Good's address is 4140 Park Lake Avenue, Suite 600, Raleigh, North Carolina. |

7

| | |
|---|---|
| | Moreover, the only actual evidence as to the trusts' administration demonstrates that the trusts are administered outside of Texas. *See* Dondero Decl. ¶ 3 (App. 013); Scott Decl. ¶ 3 (App. 0007); Honis Decl. ¶ 4 (App. 010); Tonomura Decl. ¶ 5 (App. 003). |
| Dana Breault created Dugaboy at the direction of James Dondero. Response at 145. | Plaintiff presents no evidence supporting this statement. Plaintiff relies on the contents of Exh. 82, which cannot be considered. |
| Mark Okada, a Texas resident, is the settlor of the Okada Trusts. Response at 146. | Plaintiff presents no evidence supporting this statement. Plaintiff relies on the contents of Exh. 82, which cannot be considered. |
| The beneficiaries of Okada #1 are Okada's children, who were/are Texas residents from 2012 to present. Response at 146. | Plaintiff presents no evidence supporting this statement. Plaintiff relies on the contents of Exh. 82, which cannot be considered. |
| The beneficiaries of Okada #2 are Okada's siblings. Response at 146. | Plaintiff presents no evidence supporting this statement. Plaintiff relies on the contents of Exh. 82, which cannot be considered. |
| Dugaboy owns 4312 Belclaire, LLC which in turn owns real property in Dallas, Texas. Response at 146. | Dugaboy was a member of 4312 Belclaire, LLC in 2022 (Exh. 87) which no longer owned the property on 4312 Belclaire, Dallas, Texas as of August 5, 2022 (Exh. 88). |
| Dugaboy holds a partnership interest in Highland Capital, a Texas partnership, including a 0.1866% economic interest and 74.4426% voting interest in Highland's Class A partnership interest. Response at 146. | Plaintiff presents no evidence supporting this statement. Plaintiff relies on the contents of Exh. 82, which cannot be considered. |
| Dugaboy holds a 99.9% interest in NexPoint Advisors, L.P., a Dallas-based company that also happens to have its principal place of business at 300 Crescent Court, Suite 700. Response at 146. | Plaintiff presents no evidence supporting this statement. Plaintiff relies on the contents of Exh. 82, which cannot be considered. |

8

| | |
|---|---|
| Dugaboy holds ownership in Acis Capital Management GP and Acis Capital. Management LP, Dallas-based entities. Response at 146. | Plaintiff relies on Exh. 91, which is a non-public deposition transcript in another case of which the Court cannot take judicial notice. Moreover, the cited testimony only states that Dugaboy owned interests in Acis Capital Management GP and Acis Capital Management LP prior to November 2017. Exh. 91 at 94:3-95:10. |
| Get Good owns 3820 Goar Park LLC, which in turn owns real property in Texas. Response at 147. | Get Good was the member of 3820 Goar Park LLC in 2013 and 2017. Exhs. 83, 95, 96. The exhibits do not identify any property owned by 3820 Goar Park LLC. *Id*. |
| The Okada trusts held interests in Highland in a similar manner to Dugaboy and Get Good. Response at 147. | Plaintiff cites to no evidence for this statement. |
| Hunter Mountain holds 99.5% of the economic interest in Highland Capital. Response at 147. | Plaintiff presents no evidence supporting this statement. Plaintiff relies on the contents of Exh. 82, which cannot be considered. |

Plaintiff's supposed "minimum contacts" allegations are not only often wrong, but they are also irrelevant. Plaintiff fails to make any argument as to how Plaintiff's claims arise out of any of the "minimum contacts" that supposedly exist between the Trustee Defendants and Texas.

> 3.    *Plaintiff Fails to Demonstrate a Nexus Between any of the Trustee Defendants' Supposed Contacts with Texas and Plaintiff's Claims*

Plaintiff spends three pages of its Response attempting to cherry-pick any connection it can find between the trusts (not the Trustee Defendants, specifically) and Texas. *See* Response (ECF 132) at 145-151. As noted *supra*, many of the supposed contacts Plaintiff relies on are unsupported by the exhibits Plaintiff cites or are not contacts of the Trustee Defendants (as opposed to the Trusts). Regardless, Plaintiff largely ignores the second requirement for specific jurisdiction—Plaintiff's claims must arise out of these supposed contacts between the Trustee Defendants and Texas. *Johnson v. TheHuffingtonPost.com, Inc.*, 21 F.4th 314, 320 (5th Cir. 2021) ("[A] state

9

cannot use a defendant's forum contacts—even purposeful ones—to invent jurisdiction over claims that do not relate to or arise from those contacts.").

In an attempt to satisfy the nexus requirement, Plaintiff proffers what it describes as "[t]wo broad categories of activities" whereby "[e]ach Trustee Defendant engaged in activities directed at Texas and central to this litigation": (1) "the Trustee Defendants each participated in, and executed a series of transfers and notes designed to fraudulently transfer assets, including those previously transferred from Plaintiff to Highland, away from Highland and into the pockets of Dondero, Okada, their families, and the other defendants;" and (2) the "Trustee Defendants voluntarily submitted to jurisdiction in Texas through the Highland Bankruptcy" wherein "the bankruptcy trustee named all the Trustee Defendants as defendants in an adversary proceeding, which alleged the Trustee Defendants also participated in a scheme to fraudulently siphon assets away from Highland," including assets that "rightfully belong to HERA." Response at 147-149.[3]

Both of Plaintiff's "two broad categories" that supposedly establish a nexus between Plaintiff's claims and the Trustee Defendants' contacts with Texas are fatally flawed.

First, Plaintiff points to a "series of transfers and notes" through which "Dondero, Okada, and their trusts received numerous financial distributions from Highland Capital through Hunter Mountain" that "involved assets that rightfully belong to [Plaintiff]." Response at 148. Setting aside that this activity has nothing to do with any of the supposed contacts with Texas that Plaintiff contends the Trustee Defendants have, the sources Plaintiff relies on to establish a nexus with Plaintiff's claims cannot be considered by the Court. Plaintiff's only cited sources are Exhibit 82

---

[3] Although Plaintiff identifies "two broad categories," it actually lists three. However, the third category has nothing to do with Plaintiff's claims, and Plaintiff does not even attempt to argue otherwise. Instead, the third category appears to be a vehicle for Plaintiff to insert a salacious and irrelevant allegation (again from Exhibit 83, the Litigation Trustee's Amended Complaint) that Dondero attempted to keep assets away from his ex-wife. Response at 150.

10

(the Litigation Trustee's Amended Complaint) and Exhibit 113 (trial testimony from David Klos). As addressed *supra*, the Court can take judicial notice that these documents exist, but it cannot take judicial notice of the contents of Exhibit 82 and Exhibit 113 and treat them as fact. *See supra* at 2-3 (citing *Taylor*, 162 F.3d at 830). Thus, Plaintiff's first nexus argument fails.

Second, Plaintiff argues that the Trustee Defendants' participation in the Highland Bankruptcy somehow establishes a nexus between Plaintiff's claims and the Trustee Defendants' supposed Texas contacts because "the bankruptcy trustee named all the Trustee Defendants as defendants in an adversary proceeding, which alleged the Trustee Defendants also participated in a scheme to fraudulently siphon assets away from Highland," which supposedly "involve[d] many of those that rightfully belong to [Plaintiff]." Response at 149. As an initial matter, the Trustee Defendants' mere participation in the Highland Bankruptcy has nothing to do with Plaintiff's claims. Moreover, Plaintiff's nexus argument is once again based entirely on Exhibit 82, the allegations in the Litigation Trustee's Amended Complaint, of which this Court cannot take judicial notice. Thus, Plaintiff's second nexus argument fails.

In their Motion, the Trustee Defendants argued that "Plaintiff would have to point to actions taken by the Trustee Defendants in or sufficiently directed at Texas that relate to the transactions at issue here, which Plaintiff cannot do" because "[a]ll of Plaintiffs' causes of action arise out of transactions executed by Plaintiff's former board and former Highland officers and employees, *not* from any actions taken by a Trustee Defendant." Motion at 9 (citing FAC ¶¶ 57, 66, 68, 75, 78, 81, 101-13). Despite Plaintiff's attempt to obfuscate the issue by throwing 1,300 pages at the Court to supplement its scant allegations about the Trustee Defendants, the same issue persists. Plaintiff fails to allege, and proffers no evidence to support, that the Trustee Defendants have sufficient contacts with Texas and that Plaintiff's claims arise out of those contacts.

11

**D.      The Exercise of Personal Jurisdiction Over the Trustee Defendants Would not be Consistent with Traditional Notions of Fair Play and Substantial Justice**

The Trustee Defendants all reside outside of Texas, and the respective trusts were all administered by the Trustee Defendants from outside of Texas.  *See* Dondero Dec. ¶ 3 (App. 013); Scott Dec. ¶ 3 (App. 007); Honis Dec. ¶ 3-4 (App. 010); Tonomura Dec. ¶¶ 4-6 (App. 003). Plaintiff fails to proffer any evidence to the contrary.  Plaintiff's reliance on a random smattering of purported contacts between the Trusts and Texas, which are all unrelated to Plaintiff's claims, does not justify the cost and inconvenience of requiring the Trustee Defendants to litigate in Texas. *Asahi Metal Indus. Co. v. Superior Ct. of California, Solano Cnty.*, 480 U.S. 102, 114 (1987) ("The unique burdens placed upon one who must defend oneself in a foreign legal system should have significant weight in assessing the reasonableness of stretching the long arm of personal jurisdiction over national borders.").

**E.      Plaintiff Is not Entitled to Jurisdictional Discovery**

Plaintiff misstates Fifth Circuit law regarding the standard for jurisdictional discovery.  The Fifth Circuit has held that "[t]o merit jurisdictional discovery, [a plaintiff] must show that it is 'likely to produce the facts needed to withstand' dismissal.'"  *Johnson*, 21 F.4th at 326 (quoting *Davila v. United States*, 713 F.3d 248, 264 (5th Cir. 2013)).  Additionally, a plaintiff "must make clear which 'specific facts' he expects discovery to find."  *Id.* (quoting *Bell Helicopter Textron Inc. v. Am. Eurocopter, LLC*, 729 F. Supp. 2d 789, 797 (N.D. Tex. 2010)).  Fifth Circuit courts "will not authorize 'a jurisdictional fishing expedition' based on a plaintiff's general averments that more discovery will prove our jurisdiction."  *Id*; *see also Bar Grp., LLC v. Bus. Intel. Advisors, Inc.*, 215 F. Supp. 3d 524, 562 (S.D. Tex. 2017) ("'A court may also deny jurisdictional discovery where the plaintiff only offers speculation as to jurisdiction' and 'is waging a 'fishing expedition'

12

into jurisdictional facts.'") (quoting *SGIC Strategic Global Inv. Capital, Inc. v. Burger King Europe Gmbh*, No. 3:14-CV-3300-B, 2015 WL 4162599, at *6 (N.D. Tex. July 9, 2015)).

A "fishing expedition" is exactly what Plaintiff seeks here. Not only does Plaintiff fail to identify which "specific facts" it expects to find, Plaintiff seeks comprehensive discovery into the Trustee Defendants, including "the depositions of Dondero, Okada, and each of the Trustee Defendants" and "the production of the trust agreements, trust accountings back to 2010, including the names of individuals involved in record keeping and tax filings, trust voting histories for Highland Capital and any affiliates, Trustee Defendants' travel history to Texas, and documents regarding any transfers of assets between the trusts and Highland Capital or its affiliates." Response at 153. Simply put, if Plaintiff knew what "specific facts" it was looking for, as is required by Fifth Circuit precedent, Plaintiff would not need multiple depositions and fifteen years' worth of documents to find them. The Court should deny Plaintiff's request to engage in a fishing expedition.

## III.    CONCLUSION

For the reasons stated above and in their Motion to Dismiss, the Trustee Defendants respectfully request the Court grant their Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(2).

13

Dated: May 8, 2025

Respectfully submitted,


*/s/ Deborah Deitsch-Perez*
Deborah Deitsch-Perez
State Bar No. 24036072
Michael Aigen
State Bar No. 24012196
2200 Ross Avenue, Suite 2900
Dallas, TX 75201
Telephone: (214) 560-2201
Facsimile: (214) 560-2203

**ATTORNEYS FOR DEFENDANTS NANCY DONDERO, AS TRUSTEE OF THE DUGABOY INVESTMENT TRUST AND GRANT JAMES SCOTT, AS TRUSTEE OF THE GET GOOD TRUST**


*/s/  Mazin A. Sbaiti*
**SBAITI & COMPANY PLLC**
Mazin A. Sbaiti
Texas Bar No. 24058096
2200 Ross Avenue, Suite 4900W
Dallas, TX 75201
T: (214) 432-2899
F: (214) 853-4367
E: mas@sbaitilaw.com

Amy L. Ruhland
Texas Bar No. 24043561
amy.ruhland@pillsburylaw.com
Ryan J. Sullivan (admitted pro hac vice)
Texas Bar No. 24102548
ryan.sullivan@pillsburylaw.com.com
Abigail L. Griffith (admitted pro hac vice)
Texas Bar No. 24113585
abigail.griffith@pillsburylaw.com

14

CORE/3522697.0005/197688521.11

**PILLSBURY WINTHROP SHAW PITTMAN LLP**
401 Congress Avenue
Suite 1700
Austin, TX 78701
(512) 580-9658

**ATTORNEYS FOR DEFENDANT JOHN HONIS AS TRUSTEE OF THE HUNTER MOUNTAIN INVESTMENT TRUST**


*/s/ Cortney C. Thomas*
Cortney C. Thomas
**BROWN FOX PLLC**
cort@brownfoxlaw.com
Texas Bar No. 24075153
8111 Preston Road, Suite 300
Dallas, TX 75225
T: 214-327-5000

**SULLIVAN & CROMWELL LLP**
Brian D. Glueckstein (admitted *pro hac vice*)
gluecksteinb@sullcrom.com
New York Bar No. 4227005
125 Broad Street
New York, NY 10004-2498

**ATTORNEYS FOR DEFENDANT LAWRENCE TONOMURA AS TRUSTEE OF MARK & PAMELA OKADA FAMILY TRUST – EXEMPT TRUST #1, AND LAWRENCE TONOMURA AS TRUSTEE OF MARK & PAMELA OKADA FAMILY TRUST – EXEMPT TRUST #2**

15

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 8, 2025, a copy of the foregoing document was served on all

parties of record via the Court's electronic filing system.

*/s/ Deborah Deitsch-Perez*
Deborah Deitsch-Perez

16

CORE/3522697.0005/197688521.11